UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HVB ALTERNATIVE ADVISORS, INC. and HVB        04 Civ. 02097 (GEL)
ALTERNATE INVESTMENTS, A.G.,

                      Plaintiffs,        **ANSWER**

        v.

JEFF C. LANDLE,

                      Defendant.

-----------------------------------------------------------------X

        Jeff C. Landle ("Landle" or "Defendant"), by and through his attorneys, Morrison Cohen Singer and Weinstein, LLP, as and for his Answer to the Complaint dated February 24, 2004 of Plaintiffs HVB Alternative Advisors, Inc. ("HVBAA") and HVB Alternative Investments, A.G. ("HVBAI") (collectively, "Plaintiffs") alleges as follows:

        1.      Denies the allegations in Paragraph 1, except admits that Landle was President of HVBAA and a member of its Board of Directors, denies that Landle was ever formally made a member of the Management Board of HVBAI, which is the corporate parent of HVBAA, and denies the remaining allegations except as to those that consist of legal conclusions, to which no further response is required.

        2.      Denies the allegations in Paragraph 2.

        3.      Denies the allegations in Paragraph 3, except admits that Tom Strauss and possibly others verbally advised Landle that Landle was to become Chief Investment Officer of the planned Joint Venture (the "Joint Venture") between HVBAI and Ramius Capital Group ("Ramius") and a member of the Management Board of the entity that was to be formed by the Joint Venture.

    4.  Denies the allegations in Paragraph 4 and to the extent Paragraph 4 contains allegations consisting of legal conclusions, no further response is required.

    5.  As the allegations in Paragraph 5 are not addressed to Landle, no response is required.

    6.  As the allegations in Paragraph 6 are not addressed to Landle, no response is required.

    7.  Admits the first sentence of Paragraph 7 and otherwise denies the allegations in Paragraph 7 including that Landle was "highly compensated," or that his compensation was in excess of $1 million.

    8.  As Paragraph 8 consists of solely a legal conclusion, no response is required.

    9.  As Paragraph 9 consists of solely a legal conclusion, no response is required.

    10.  Denies the allegations in Paragraph 10, except admits that Landle was hired by HVBAA in 2002 as its CIO and that Landle approved or was involved in the hiring of five senior analysts, a Chief Operating Officer, two junior analysts, two administrative assistants and one sales representative, and further avers that HVBAI does not provide product services to United States customers, but rather provides such services to European customers from its European offices, that HVBAA does not manage investments with respect to any customers located in the United States, but rather works exclusively for HVBAI in connection with providing investment advisory services for HVBAI's service of its European customers with respect to its "funds-of-funds," and that, while he was employed by HVBAA, Landle and his group conducted evaluations and analyses of hedge fund opportunities for HVBAI with respect

to its servicing of its European customers.

11. Denies the allegations in Paragraph 11, except admits that in November 2003, HVBAI and Ramius announced plans to combine their funds-of-funds operations, which was to be overseen by Thomas Strauss and Paul Dart, and that Landle was verbally advised that if the Joint Venture closed, he would have the position of CIO of the Joint Venture's business, and further avers that at all times relevant to this action, the transaction between Ramius and HVBAI was never consummated, and that HVBAI, which has not formally combined its operations with Ramius, continues to service European customers and neither HVBAI nor HVBAA service United States customers.

12. Denies knowledge or information sufficient to form a belief as to truth or falsity of the allegations in the first sentence of paragraph 12, except admits that Landle was told to terminate two members of his existing group, and otherwise denies the remaining allegations in Paragraph 12.

13. Denies the allegations of Paragraph 13, except admits that Landle was asked to provide preliminary information relating to performance for purposes of establishing parameters for retention bonuses.

14. Admits that Landle worked closely to discuss investment process, structure and roles of employees but denies the remaining allegations in Paragraph 14.

15. Denies the allegations in Paragraph 15, except admits that Alexander Schweickhardt was a former high-ranking officer of HVBAI and former member of its Management Board.

16. Admits that Landle tendered his resignation on or about January 16, 2004, and otherwise denies the allegations in Paragraph 16.

17. Denies the allegations in Paragraph 17, except admits that Landle made himself available for the following two weeks to serve HVB AA and HVBI.

18. Denies the allegations in Paragraph 18, except admits that Landle had met with Schweickhardt in December 2003 and January 2004, prior to his resignation and advised Strauss and Morgan Stark that he had contact with Schweickhardt.

19. Admits the allegations in Paragraph 19.

20. Admits the first sentence in Paragraph 20 and otherwise denies the remaining allegations in Paragraph 20.

21. Denies the allegations in Paragraph 21.

22. Denies the allegations in Paragraph 22.

23. Denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 concerning what Dart was informed by the staff of HVBAA, and otherwise denies the allegations in Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, except denies that Landle was exerting pressure on existing members of his group to leave HVBAA.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, except denies that Landle had any inappropriate communications.

26. Denies the allegations in Paragraph 26.

27. Denies the allegations in Paragraph 27.

28. Denies the allegations in Paragraph 28, except admits that two members of Landle's group resigned from HVBAA.

29. Denies the allegations in Paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31. Denies the allegations in Paragraph 31.

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

32. Landle repeats and realleges all prior responses as if set forth fully herein.

33. To the extent that paragraph 33 contains legal conclusions, no response is necessary, and denies the remaining allegations in Paragraph 33.

34. Denies the allegations in Paragraph 34.

35. Denies the allegations in Paragraph 35.

36. Denies the allegations in Paragraph 36.

37. Denies the allegations in Paragraph 37, except admits that HVBAA and HVBAI appear to be seeking damages.

38. Denies the allegations in Paragraph 38.

39. As Paragraph 39 consists of solely a legal conclusion, no response is required.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

40. Landle repeats and realleges all prior responses as if set forth fully herein.

41. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 concerning whether HVBAA's employees signed retention agreements and to the extent the remainder of Paragraph 41 consists of a legal conclusion, no response is required.

42. Denies the allegations in Paragraph 42.

43. Denies the allegations in Paragraph 43.

44. Denies the allegations in Paragraph 44.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

45. Landle repeats and realleges all prior responses as if set forth fully herein.

46. Denies the allegations in Paragraph 46.

47. As Paragraph 47 consists of solely a legal conclusion, no response is required.

48. Denies the allegations in Paragraph 48.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs lack standing and/or have failed to allege any injury.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs are estopped from asserting their claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs have waived the rights and claims which they now seek to assert.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims are barred by their own culpable conduct.

### AS AND FOR A SEVENTTH AFFIRMATIVE DEFENSE

7. Plaintiffs have failed to mitigate their damages, if any, and Plaintiffs are therefore barred from recovering any such damages

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs are not entitled to the equitable relief requested in the Complaint because, to the extent Plaintiffs are entitled to any recovery, Plaintiffs have an adequate remedy at law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.     Landle, named in his individual capacity, does not compete with HVBAI or HVBAA, whether in the United States or Europe.

11.     To the extent Landle even individually contemplates rendering any services, he does not compete with either HVBAA or HVBAI because any services he would render are limited to non-United States customers located in Europe.

12.     HVBAA cannot sustain any claim for unfair competition based upon allegations that Landle is purportedly soliciting HVBAA's customers.  HVBAA is not authorized to do business with any United States customers. Moreover, HVBAA provides its investment management services exclusively to its Austrian parent, HVBAI.

13.     HVBAI cannot sustain any claim for unfair competition because its customer base is located in Europe and it does no business with United States customers.

14.     The laws of the European countries where HVBAA and HVBAI do business apply and these laws do not provide for any cause of action arising from allegations of unfair competition under the circumstances as alleged by HVBAA or HVBAI.  HVBAA and HVBAI therefore, have no cognizable claim under United States law and the situs of any purported dispute is in Europe.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15. The Plaintiffs herein purport to assert claims relating to Landle's allegedly tortious conduct toward the contemplated, but as yet unrealized, business of a joint venture between Ramius and HVBAI, which joint venture is not finalized, and may not ever materialize because it is an affiliated transaction.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16. Landle reserves the right to assert and rely on all additional defenses that become available or apparent during the discovery proceedings in this action.


Dated: New York, New York
       March 23, 2004

                                    MORRISON COHEN SINGER &
                                    WEINSTEIN, LLP

                        By: _____
                                  Danielle C. Lesser (DL 2220)
                                  Andrew P. Schriever (AS 9788)
                                  750 Lexington Avenue
                                  New York, NY  10022
                                  (212) 735-8600
                                  Attorneys for Defendant

TO:   Shapiro Mitchell Forman Allen & Miller LLP
       Attn:  Michael I. Allen
       380 Madison Avenue
       New York, New York 10017
       (212) 972-4900

          -and-

       Reed Smith LLP
       Attn:  Andrew L. Morrison
       599 Lexington Avenue
       New York, New York 10022
       (212) 521-5400
       Attorneys for Plaintiffs

Dawn Marie Mulvey, being duly sworn, deposes and says:

1. Deponent is not a party to the action, is over 18 years of age and resides in Monmouth County, New Jersey.

2. On the **23rd** day of March, 2004, deponent served the annexed Answer upon:

| | |
|---|---|
| Michael I. Allen, Esq.<br>Shapiro Mitchell Forman Allen<br>& Miller LLP<br>380 Madison Avenue<br>New York, NY  10017 | Andrew L. Morrison, Esq.<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, NY  10022 |

by causing a true copy of same to be hand delivered to the addresses above

_____
DAWN MARIE MULVEY

Sworn to before me this
23rd day of March, 2004

_____
Notary Public

KRISTIN T. ROY
Notary Public, State of New York
No. 02RO5086777
Qualified in Westchester County
Commission Expires October 27, ~~2004~~ 2005

::ODMA\PCDOCS\DOCS\374225\2